The Meadville Corporation v. Commissioner.
Meadville Corp. v. Commissioner
Docket No. 2816.
United States Tax Court
1944 Tax Ct. Memo LEXIS 245; 3 T.C.M. (CCH) 466; T.C.M. (RIA) 44163; May 17, 1944
*245 Petitioner paid a tax claim due to the Commonwealth of Pennsylvania from petitioner's dissolved subsidiary in order to obtain a license issued by that State to another subsidiary of petitioner. Such payment was not a necessary and ordinary expense of carrying on petitioner's business and deduction therefor is disallowed. Philip Warshauer, Esq., 570 Seventh Ave., New York, N. Y., for the petitioner. Francis X. Gallagher, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies of $1,680 and $1,330 in the petitioner's income and excess-profits taxes, respectively, for the year 1940. The sole issue is whether or not the sum of $7,000, paid by the petitioner to the Commonwealth of Pennsylvania as a compromise of a claim for taxes against a subsidiary of the petitioner, and as a condition precedent to the issuance of a license to another subsidiary of the petitioner, is deductible as an ordinary and necessary expense of catrying on the petitioner's business. Findings of Fact The facts were stipulated and as so stipulated are adopted as findings of fact. The material portions thereof are as follows: The petitioner is a corporation *246 organized under the laws of the State of New Jersey, with offices in Elizabeth, New Jersey. Its return was filed with the collector of internal revenue for the fifth district of New Jersey on March 15, 1941. General Oil Company, hereinafter called General, a corporation organized under the laws of the State of New Jersey, was a 100 per cent owned subsidiary of the petitioner and was dissolved during the year 1935. Upon its dissolution all of the assets of the General Oil Company were transferred to the petitioner as a liquidating dividend. On February 1, 1940 the petitioner paid to the Commonwealth of Pennsylvania the sum of $7,000 as a compromise settlement of the claim of the Commonwealth of Pennsylvania against the General Oil Company for fuel oil taxes alleged to be due by that company. Such payment was required by the Commonwealth of Pennsylvania to be made as a condition precedent to the issuance of a permit by the Commonwealth of Pennsylvania to United Petroleum Corporation, hereinafter called United, to act as a licensed distributor of gasoline-in that Commonwealth. During the taxable year the United Petroleum Corporation was a wholly owned subsidiary of the petitioner. *247 The Commissioner disallowed the sum of $7,000 so paid, as a deduction from the petitioner's gross income. Opinion VAN FOSSAN, Judge: The issue is simple. The petitioner claims the deduction, as an ordinary and necessary business expense of its business, of the claim against one of its subsidiaries for fuel oil taxes due to the Commonwealth of Pennsylvania paid by the petitioner in order to secure a license for another of its subsidiaries. The record is noteworthy for its paucity of facts. The petitioner's brief is largely predicated on alleged facts not found in the stipulation. We have before us this situation: The petitioner was the parent corporation of General and United. General was charged by the Commonwealth of Pennsylvania with owing that State fuel oil taxes in an unnamed amount. General had been dissolved and all of its assets transferred to the petitioner. The petitioner was also the sole owner of the United stock. United desired to act as a distributor of gasoline. A license from the State was required to enable it to do so. In order to obtain that license for United the petitioner compromised the fuel oil tax claim against General by paying $7,000 to the Commonwealth *248 of Pennsylvania. In this situation we see no purpose to further or carry on the petitioner's own business. The record does not disclose the nature of its business or its business relationship, if any, to its subsidiaries. The stipulation of facts states only that General and United are subsidiaries of petitioner. The unescapable conclusion is that the payment pertained to the business of General and United and not to the business of petitioner. . See . The payment of such an obligation for another is not an ordinary expense of petitioner. . The claimed deduction is disallowed. Decision will be entered for the respondent.